VON S. HEINZ
Nevada Bar No. 859
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8351 (fax)
Attorneys for Defendants
*Life Insurance Company of North America and*
*Wyndham Worldwide Corporation Health and Welfare Plan*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rosann C. Keown,<br><br>    Plaintiff,<br><br>vs.<br><br>Life Insurance Company of North America. a Pennsylvania company; The Wyndham Worldwide Corporation Health and Welfare Plan, an employee welfare benefit plan, Does I through X, inclusive,<br><br>    Defendants. | Case No.:  2:13-CV-02292-KJD-CWH<br><br>**PARTIES STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER WITH PARTICULAR REPRESENTATIONS AND MODIFICATIONS**<br><br>*SPECIAL SCHEDULING REVIEW REQUESTED* |

Counsel for all parties participated in a conference on February 18, 2014, for purposes of Fed. R. Civ. P. 26(f) and LR 16-1 and 26-1.  This conference was attended by Jesse Sbaih, counsel for Plaintiff Rosann C. Keown ("Keown"), and Von S. Heinz, counsel for Defendants Life Insurance Company of North America ("LINA") and Wyndham Worldwide Corporation Health and Welfare Plan (the "Wyndham Plan").

At this conference, counsel discussed the disclosure obligations of Fed. R. Civ. P. 26(a)(1) and the remaining issues contemplated by Fed. R. Civ. P. 26(f) and LR 16-1 and 26-1.  Because the insurance at issue in this is governed by a fully-qualified ERISA plan, Fed. R. Civ. P. 26(a)(1)(B)(i) exempts this case from initial disclosure requirements since it is an action for

1  review on an administrative record.

2  However, as stated below, LINA and the Wyndham Plan have agreed to provide
3  documents to Keown and Keown has agreed to provide documents to LINA and the Wyndham
4  Plan which would otherwise be discoverable under Rule 26(a)(1), constituting the administrative
5  record for this matter on or before March 7, 2014 and March 21, 2014, respectively.

6  **A.  DOCUMENT DISCLOSURES RE THE ADMINISTRATIVE RECORD**

7  1.  LINA and the Wyndham Plan agree to provide to Keown the documents which
8  comprise the administrative record for the claim for long term disability insurance benefits
9  submitted by Keown and which would otherwise be discoverable under Rule 26(a), on or before
10 March 7, 2014.

11 2.  Keown agrees to provide to LINA and the Wyndham Plan on or before March 14,
12 2014, those documents which would otherwise be discoverable under Rule 26(a)(1) and which
13 Keown believes should be included in the administrative record.

14 3.  Keown, LINA and the Wyndham Plan will confer after March 14, 2014 to
15 determine the agreed-upon contents of the administrative record and, thereafter, on or before
16 March 28, 2014, LINA and the Wyndham Plan will file the administrative record with the Court,
17 to be redacted for the sole purpose of removing reference to Keown's personal identification
18 number.

19 **B.  DISCOVERY PLAN AND SCHEDULING**

20 Because ERISA governs this matter, the position of LINA and the Wyndham Plan is that
21 Rule 26(a)(1)(B)(i) governs and the case is exempt from the initial disclosure obligations of Rule
22 26(a)(1)(a).  This case is also to be presented for a summary bench trial. *See Mongeluzo v. Baxter*
23 *Travenol Long Term Disability Benefit Plan*, 46 F.3d 938 (9th Cir. 1995); *Kearney v. Standard*
24 *Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc), *cert. denied*, 528 U.S. 963 (1999); *Nolan*
25 *v. Heald College*, 551 F.3d 1148 (9th Cir. 2009).

26 Keown wishes to preserve the right to conduct "conflict" discovery – that is, discovery
27 directed at the alleged, possible conflict of interest posed by an entity that acts as both the benefit
28 administrator and the insurer of those benefits.  LINA and the Wyndham Plan disagree, and

1 believe that "conflict" discovery (as well as discovery in general) is inappropriate in this ERISA
2 action. Before Keown initiates conflict discovery, her counsel agrees to discuss the matter with
3 counsel for LINA and the Wyndham Plan to discuss the discovery she wishes to conduct, so that
4 the parties can determine the extent to which, if at all, they agree to conduct conflict discovery.
5 Should the parties disagree about whether conflict discovery should take place, the scope and
6 limits of such discovery, and/or its timing, they reserve their rights to move for an Order from the
7 Court, pursuant to Fed. R. Civ. P. 26 and 37.

**C.   DEADLINE TO AMEND THE PLEADINGS AND ADD PARTIES**

The parties agree that any request to amend the pleadings must be made within 90 days of the date of the Court's approval of this submission.

**D.   INTERIM STATUS REPORT**

The parties shall file an interim status report, required by LR 26-3, by Friday, April 25, 2014.

**E.   SETTLEMENT**

Although the likelihood of settlement cannot be presently established, the parties have already discussed case resolution and the possibility of alternative dispute resolution.

**F.   PRETRIAL ORDER**

A pretrial order is not necessary for this case, since it is to be tried in accordance with the specialized form of bench trial directed by *Kearney* and *Nolan, supra,* and for the Court's findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 52. The parties will submit a proposed

///
///
///
///
///
///
///
///

1  trial briefing order, with proposed dates for opening, answering and reply trial briefs, no later than

2  Friday, April 11, 2014.

3  Dated:  February 18, 2014                                    Dated: February 18, 2014

4  JESSE SBAIH & ASSOCIATES                          LEWIS ROCA ROTHGERBER LLP

5  By */s/ Jesse Sbaih*                                                 By: */s/ Von S. Heinz*
6     JESSE SBAIH                                              VON S. HEINZ
   Nevada Bar No.:  7898                                    Nevada Bar No.: 859
7     170 S. Green Valley Pkwy., Ste. 280           Suite 600
   Henderson, NV  89012                                     3993 Howard Hughes Parkway
8                                                                             Las Vegas, Nevada 89169

9  *Attorney for Plaintiff*
   *ROSANN C. KEOWN*                                   *Attorneys for Defendants*
10                                                                                    *LIFE INSURANCE  COMPANY OF*
                                                                                   *NORTH AMERICA*
11                                                                                     *And WYNDHAM WORLDWIDE*
                                                                                   *CORPORATION HEALTH AND*
12                                                                                    *WELFARE PLAN*

13

14

15                                                                       IT IS SO ORDERED:

16                                                                       _____

17                                                                       UNITED STATES DISTRICT JUDGE

18                                                                       Dated:  2/20/14 _____

-4-

4268292.1